TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (480) 247-9644
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Joe Gordon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Joe Gordon,<br><br>             Plaintiff,<br><br>    vs.<br><br>Synchrony Bank f/k/a GE Capital Retail Bank; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.: 2:14-cv-9855<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Joe Gordon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Joe Gordon (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant, Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Synchrony and whose identities are currently unknown to Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Synchrony at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Synchrony contacted Plaintiff's cellular telephone [310-XXX-0770] in an attempt to collect a financial obligation (the "Debt") from someone other than Plaintiff.

9. At all times mentioned herein, Synchrony called Plaintiff by using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and by using an artificial or prerecorded voice ("Robocalls").

10. Plaintiff never provided his cellular telephone number to Synchrony and never provided his prior express consent to be contacted by Synchrony.

11. When Plaintiff answered the calls from Synchrony, he was met with a period of silence followed by a recording, which advised that the call would be recorded, before being connected to a live representative.

12. In or around November of 2014, during a live conversation with Synchrony, Plaintiff requested that Synchrony cease all calls to his cellular telephone.

13. Synchrony assured Plaintiff that it would cease all calls to his cellular telephone number.

14. Despite the foregoing, Synchrony continued calling Plaintiff at an excessive and harassing rate using ATDS and Robocalls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Without prior express consent, Synchrony called Plaintiff on his cellular telephone using ATDS and Robocalls.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022.

18. Synchrony's telephone systems have the earmarks of a Predictive Dialer. When Plaintiff answered Synchrony's calls, he was met with a period of silence, followed by a recording, before Synchrony's telephone system would connect him to the next available representative.

19. Upon information and belief, Synchrony's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Despite never obtaining Plaintiff's consent and despite being directed to cease all calls to Plaintiff's cellular telephone, Synchrony continued to place ATDS and Robocalls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Synchrony was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Synchrony to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 as a result of each call made in knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27. Synchrony, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

28. Synchrony caused a telephone to ring repeatedly and engaged Plaintiff in continuous conversations with an intent to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

29. Synchrony communicated with Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

30. Synchrony failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

31. Synchrony did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

32. Plaintiff is entitled to damages as a result of Synchrony's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

A. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

B. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 29, 2014          TRINETTE G. KENT

By: _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Joe Gordon